UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| Bremen Industrial Carriers Ltd, | |
| Mycenae Shipmanagers Co., | Civil Action No. 15 - 5137 |
| Tourel Ltd., and | |
| Fletching Corp., | **IN ADMIRALTY** |
|     Plaintiffs, | |
|       v. | |
| Societe Anonyme Marocaine de L'Industrie du Raffinage (S.A.M.I.R.), | |
|     Defendant, | |
|     and | |
| Citibank, N.A., and | |
| Royal Air Maroc, Ltd., | |
|     Garnishees. | |

---

**VERIFIED COMPLAINT
AND REQUEST FOR ISSUANCE OF
WRITS OF MARITIME ATTACHMENT AND GARNISHMENT**

Plaintiffs Bremen Industrial Carriers Ltd ("Bremen"), Mycenae Shipmanagers Co. ("Mycenae"), Tourel Ltd. ("Tourel"), and Fletching Corp. ("Fletching") bring this action against Societe Anonyme Marocaine de L'Industrie du Raffinage (S.A.M.I.R.) ("SAMIR"), *quasi in rem*, pursuant to Supplemental Admiralty and Maritime Rule B for issue of writs of maritime attachment and garnishment, and state as follows:

## JURISDICTION AND VENUE

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This complaint is also brought pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, in that it involves a maritime transaction within the meaning of 9 U.S.C. § 1 and seeks to obtain security in assistance of London maritime arbitration proceedings pursuant to 9 U.S.C. § 8.

3. Venue is proper in this District because the Garnishees are located and can be found in this District. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

## THE PARTIES

4. Bremen is a Liberian corporation, is the owner of the M/T MOUNT FUJI, and has its principal place of business at 94 Poseidonos Avenue, Glyfada, 16675 Athens, Greece.

5. Mycenae is a Liberian corporation, is the owner of the M/T ELENI, and has its principal place of business at 94 Poseidonos Avenue, Glyfada, 16675 Athens, Greece.

6. Tourel is a Liberian corporation, is the owner of the M/T GLADIATOR, and has its principal place of business at 94 Poseidonos Avenue, Glyfada, 16675 Athens, Greece.

7. Fletching is a Liberian corporation, is the owner of the M/T ICE EXPLORER, and has its principal place of business at 94 Poseidonos Avenue, Glyfada, 16675 Athens, Greece.

8. SAMIR is a Moroccan corporation engaged in crude oil refining and the purchase and sale of petroleum products and has its principal place of business at BP 89 & 101, Route côtière Mohammedia, Grand Casablanca, Morocco.

9. At all material times, Garnishees Citibank, N.A. and Royal Air Maroc, Ltd. were

and are entities with offices located in this District which, on information and belief, Plaintiffs reasonably believe hold accounts which are the property of and/or owing to SAMIR.

## FACTS

### Bremen – M/T MOUNT FUJI

10. On or about May 30, 2012, SAMIR entered into a charterparty with Bremen, pursuant to which Bremen agreed to charter the M/T MOUNT FUJI to SAMIR.

11. On or about June 18, 2012, Bremen sent an invoice to SAMIR for certain demurrage that had accrued totaling USD 90,100.70.

12. SAMIR failed to pay the contractually due and owing demurrage.

13. On or about August 23, 2012, Bremen sent notice to SAMIR that it was commencing arbitration proceedings against SAMIR and had appointed an arbitrator.

14. Despite demand, SAMIR has not paid the USD 90,100.70 it owes Bremen.

15. The charterparty also provides that, in the event of a breach, SAMIR is liable for all costs and attorneys' fees.

16. Bremen estimates its costs and attorneys' fees to be USD 60,000.00.

17. SAMIR is therefore indebted to Bremen in the amount of USD 150,100.70.

### Mycenae – M/T ELENI

18. On or about March 26, 2013, SAMIR entered into a charterparty with Mycenae, pursuant to which Mycenae agreed to charter the M/T ELENI to SAMIR.

19. On or about May 1, 2013, Mycenae sent an invoice to SAMIR for certain demurrage that had accrued totaling USD 68,104.17.

20. SAMIR failed to pay the contractually due and owing demurrage.

21. On or about January 1, 2014, Mycenae sent notice to SAMIR that it was

commencing arbitration proceedings against SAMIR and had appointed an arbitrator.

22. Despite demand, SAMIR has not paid the USD 68,104.17 it owes Mycenae.

23. The charterparty also provides that, in the event of a breach, SAMIR is liable for all costs and attorneys' fees.

24. Mycenae estimates its costs and attorneys' fees to be USD 60,000.00.

25. SAMIR is therefore indebted to Mycenae in the amount of USD 128,104.17.

### Tourel – M/T GLADIATOR

26. On or about December 19, 2014, SAMIR entered into a charterparty with Tourel, pursuant to which Tourel agreed to charter the M/T GLADIATOR to SAMIR.

27. While at its discharge port, the M/T GLADIATOR incurred certain berthing expenses resulting from its temporary shifting to anchorage.

28. Pursuant to the charterparty, these berthing expenses were exclusively for SAMIR's account.

29. SAMIR, however, refused to pay the berthing expenses.

30. On or about January 19, 2015, Tourel paid the berthing expenses – totaling USD 162,477.05 – to mitigate further damages.

31. Tourel subsequently demanded reimbursement from SAMIR, but SAMIR refused and/or failed to reimburse Tourel.

32. On or about May 1, 2013, Tourel sent an invoice to SAMIR for certain demurrage that had accrued totaling USD 704,166.67.

33. SAMIR failed to pay the contractually due and owing demurrage.

34. On or about May 11, 2015, Tourel sent notice to SAMIR that it was commencing arbitration proceedings against SAMIR and had appointed an arbitrator.

35. Despite demand, SAMIR has not paid the USD 866,643.72 it owes Mycenae.

36. The charterparty also provides that, in the event of a breach, SAMIR is liable for all costs and attorneys' fees.

37. Tourel estimates its costs and attorneys' fees to be USD 60,000.00.

38. SAMIR is therefore indebted to Bremen in the amount of USD 926,643.72.

### Fletching – M/T ICE EXPLORER

39. On or about October 27, 2014, Fletching obtained a judgment against SAMIR from the High Court of Justice, Queens Bench Division, Commercial Court in the amount of USD 176,118.05.

40. Despite demand, SAMIR has failed and/or refused to pay the judgment.

41. SAMIR is therefore indebted to Fletching in the amount of USD 176,118.05.

### Count I – Breach of Maritime Contracts

42. Plaintiffs incorporate the above paragraphs as if fully set forth herein.

43. SAMIR has breached its maritime contracts with Plaintiffs as set out above. Despite repeated demand, Plaintiffs remain unpaid.

44. Plaintiffs therefore demand judgment, as set out more fully below.

### Count II – Maritime Attachment and Garnishment (Rule B)

45. Plaintiffs incorporate the above paragraphs as if fully set forth herein.

46. Plaintiffs seek issue of process of maritime attachment so that they may obtain security for their claims in arbitration, including their contractual attorneys' fees and costs.

47. No security for Plaintiffs' claims has been posted by SAMIR or anyone acting on its behalf to date.

48. SAMIR cannot be found within this district within the meaning of Rule B, but is

believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of Garnishees in this District, including but not limited to Citibank, N.A. and/or Royal Air Maroc, Ltd.

WHEREFORE, Plaintiffs pray:

A. That process in due form of law issue against SAMIR, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That since SAMIR cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of SAMIR's tangible or intangible property or any other funds held by any garnishee, which are due and owing to SAMIR, up to the amount of at least **USD 1,380,966.64** to secure Plaintiffs' claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C. That since it appears that the U.S. Marshal's Service lacks sufficient staff to effect service of process of Maritime Attachment and Garnishment promptly or economically, and that since appointing a person over 18 years of age and who is not a party to this action will result in substantial economies in time and expense, such a person be appointed pursuant to Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

D. That upon attachment of the amount demanded, that this Court stay this action pending outcome of the parties' arbitration, and this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof; and

E. That Plaintiffs may have such other, further and different relief as may be just and proper.

Dated: July 1, 2015.

    /s/                                          J. Stephen Simms
J. Stephen Simms
(*Pro hac* application filed)
Simms Showers LLP
201 International Circle, Suite 250
Baltimore, Maryland 21030
Telephone: 410-783-5795
Facsimile: 410-510-1789
jssimms@simmsshowers.com

**VERIFICATION**

J. Stephen Simms certifies as follows under penalties of perjury:

1.      I am counsel to Plaintiffs, have read the foregoing Complaint and I believe the contents thereof are true.

2.      The reason this Verification is made by deponent and not by Plaintiffs is that Plaintiffs are foreign corporations, no officers or directors of which are within this jurisdiction.

3.      The sources of my information and belief are documents provided to me and statements made to me by representatives of Plaintiffs.

4.      The Defendant is not incorporated or registered to do business in this State.

5.      Searches were conducted by my office of the New York State Secretary of State, Division of Corporations, telephone assistance in New York City, the internet Yellow Pages, Google (searching for "Societe Anonyme Marocaine de L'Industrie du Raffinage (S.A.M.I.R.)"), including a national search of "Societe Anonyme Marocaine de L'Industrie du Raffinage (S.A.M.I.R.)" using the Lexis/Nexis comprehensive search database of resident agents and corporate filings  In our search, we did not find any listing or reference to Defendant or any agent of Defendant in this District or any adjacent District.

6.      In the circumstances, I believe the Defendant cannot be "found" within this district or in any "convenient adjacent jurisdiction" in the United States, and that further, the garnishees by reasonable investigation, and information and belief, hold property of Defendant

            Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

            Executed on July 1, 2015.

            /s/ J. Stephen Simms
            J. Stephen Simms